9172/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o SLADE GORTON & CO., INC., | 08 Civ. 5583 (JSR) |
|---|---|
| Plaintiff, | **ANSWER** |
| - against - | |
| HANJIN SHIPPING CO. LTD. | |
| Defendant. | |

Defendant, Hanjin Shipping Co. Ltd. ("Hanjin"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answering plaintiff's complaint alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Admits that Hanjin is a foreign corporation with an office in New Jersey as alleged and that Hanjin was a charterer of the vessels, but except as so specifically admitted, denies the allegations of paragraph 4.

5. Admits that there was delivered to the vessel HANSA LONDON on or about August 8, 2007 at the port of Mangla sealed container HJCU6008737 for transport to Singapore and then on the vessel HANJIN LISBON to Los Angeles pursuant to bill of lading HJSCMGLA00311101 for freight paid or to be paid, but except as so specifically admitted, denies the allegations of paragraph 5.

6. Admits that the container was loaded aboard the vessel, that the bill of lading was issued, and that the vessel sailed for the port of destination, but except as so specifically admitted, denies the allegations of paragraph 6.

7. Admits that the container arrived at Singapore, but except as so specifically admitted, denies the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

9. Denies the allegations of paragraph 9, except admits that the cargo was re-stuffed into container HJCU6050932 for transshipment on the HANJIN LISBON to Los Angeles.

10. Denies the allegations of paragraph 10.

11. Denies the allegations of paragraph 11.

12. Denies the allegations of paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

### AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HANJIN ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

18. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

19. The above shipment was subject to all the terms, conditions and exceptions contained in a certain bill of lading issued therefor for which the shipper, owner, consignee or holder of said bill of lading agreed to be bound and are bound.

### SECOND AFFIRMATIVE DEFENSE

20. Any loss and/or damage to the above shipment was due to causes for which Hanjin is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

### THIRD AFFIRMATIVE DEFENSE

21. Any damage to and/or loss of the above shipment was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shipper or receivers and its agents or the nature of the shipment, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which Hanjin is neither responsible nor liable.

## FOURTH AFFIRMATIVE DEFENSE

22.   Hanjin's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

## FIFTH AFFIRMATIVE DEFENSE

23.   This Court is an improper forum pursuant to the forum selection clause in Hanjin's bill of lading.

WHEREFORE, Hanjin prays for:

(a) Judgment dismissing plaintiff's complaint;

(b) An award of all costs including attorneys' fees; and

(c) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 28, 2008

                                              Respectfully submitted,

                                              CICHANOWICZ, CALLAN, KEANE,
                                              VENGROW & TEXTOR, LLP
                                              Attorneys for Defendant

                                              By: s/ Randolph H. Donatelli
                                                    Randolph H. Donatelli (RHD-5359)
                                            61 Broadway, Suite 3000
                                            New York, New York 10006-2802
                                            (212) 344-7042

To:   Casey & Barnett, LLC
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      (212) 286-0225

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On July 28, 2008, I served a complete copy of Defendant Hanjin Shipping Co. Ltd.'s Answer, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:   Casey & Barnett, LLC
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      (212) 286-0225


                                                       Jennifer Scianna


DATED:    July 28, 2008
          New York, New York